UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MITCHELL ANTHONY RAINWATER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-cv-315-JRG-DCP |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the rules of this Court for a report and recommendation regarding disposition of Plaintiff's Motion for Attorney's Fees Pursuant to Social Security Act § 206(b)(1) [Doc. 30]. Plaintiff requests an award of $5,626.38 in attorney's fees under 42 U.S.C. § 406(b) [Doc. 30–1 p. 3]. The Commissioner has filed a response indicating no objection to Plaintiff's request for attorney's fees [Doc. 32]. For the reasons stated more fully below, the undesigned will **RECOMMEND** that Plaintiff's Motion for Attorney's Fees Pursuant to Social Security Act § 206(b)(1) [**Doc. 30**] be **GRANTED**.

I.   **BACKGROUND**

Plaintiff filed a Complaint against the Commissioner on August 16, 2019, requesting judicial review of the Commissioner's denial of his claim for Social Security disability benefits [Doc. 1]. On June 9, 2021, Plaintiff filed a Motion for Judgment on the Administrative Record [Doc. 16] and supporting memorandum [Doc. 21], arguing the Administrative Law Judge's ("ALJ") decision to deny benefits was invalid both because the Commissioner was not constitutionally appointed and because the ALJ's decision was not supported by substantial

evidence. On April 7, 2020, the parties filed a Joint Motion for Entry of Judgment Under Sentence Four, 42 U.S.C. § 405(g) with Remand to Defendant and Instruction to Assign a New Administrative Law Judge [Doc. 20], asking the Court to remand Plaintiff's case to the Commissioner for further administrative proceedings including assigning a new ALJ, taking any steps necessary to fully develop the administrative record, offering Plaintiff a new hearing, reevaluating Plaintiff's residual function capacity, obtaining supplemental vocational evidence if warranted, and issuing a new decision. On July 24, 2020, the Court issued an Order [Doc. 22] and accompanying Judgment [Doc. 23] granting the parties' joint motion for remand and remanding the matter to the Commissioner for further administrative proceedings.

On October 21, 2020, Plaintiff filed a Notice of Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Doc. 24], Attorney's Affirmation in Support of Motion for EAJA Fees [Doc. 25], and supporting memorandum [Doc. 26], requesting an award of $4,418.41 in attorney's fees and $24.00 in expenses. The Commissioner responded that it did not oppose the awarding of attorney's fees and expenses in the amount requested under the Equal Access to Justice Act ("EAJA") [Doc. 27]. On December 1, 2020, the Court entered an Order awarding Plaintiff $4,418.41 in attorney's fees and $24.00 in expenses under the EAJA [Doc. 29].

On May 17, 2023, Plaintiff filed the instant Motion for Attorney's Fees Pursuant to Social Security Act § 206(b)(1) [Doc. 30], requesting $5,626.38 in attorney's fees under 42 U.S.C. § 406(b). In support of Plaintiff's motion [Doc. 30], Plaintiff's counsel has submitted an attorney affirmation [Doc. 30–1], a fee agreement between Plaintiff's counsel and Plaintiff [Doc. 30–2], the Commissioner's Notice of Change in Benefits [Doc. 30–3], and ledgers that detail 28.2 hours of work by Plaintiff's representative, including 21.3 attorney hours and 6.9 paralegal hours [Docs. 30–4, 30–5, 30–6].

Plaintiff's counsel represents that, upon remand, Plaintiff was found to be disabled and therefore eligible for benefits [Doc. 30–1 p. 2]. Counsel states that the total past due benefits afforded to Plaintiff are unknown as the Commissioner's Notice of Change in Benefits letter does not provide a breakdown of the past-due benefits owed [*Id.*; Doc. 30–3 pp. 3–6]. The Notice of Change in Benefits states, however, that the Commissioner has withheld $11,626.38 in past due benefits pursuant to its usual policy of withholding twenty-five percent of past due benefits in order to pay a claimant's representative's fees [Doc. 30–3 p. 4]. Plaintiff's counsel states that Plaintiff's hearing-level representative has filed a fee petition requesting $6,000 and that Plaintiff is requesting $5,626.38 in attorney's fees [Doc. 30–1 p. 2]. Plaintiff's counsel relates that should the Court award attorney's fees under 42 U.S.C. § 406(b) in excess of the previous EAJA award, Plaintiff will be refunded the EAJA award of $4,418.41 in attorney's fees but not the $24.00 in expenses [*Id.*].

Following the filing of Plaintiff's counsel's request, the Commissioner filed a Response to Plaintiff Counsel's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b)(1) [Doc. 32]. The Commissioner relates that, "Defendant has no objection to Plaintiff's request for $5,626.38 in attorney's fees for court-related work in this case under § 406(b), with deference to the Court's independent determination of whether an attorney fee in this amount is reasonable" [*Id.* at 1 (citing *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002))]. The Commissioner further states that "[i]f fees are awarded pursuant to 42 U.S.C. § 406(b), it would be appropriate for counsel to refund to Plaintiff the $4,418.41 attorney fee that this Court previously awarded under [the EAJA]" but does not address the issue of expenses in the amount of $24.00 [*Id.*].

II.  ANALYSIS

Section 406(b) permits courts to award "a reasonable [attorneys'] fee . . . not in excess of

3

25 percent," payable "out of . . . [the claimant's] past-due benefits" when a claimant secures a favorable judgment. 42 U.S.C. § 406(b)(1)(A). Accordingly, three conditions must be met before 406(b) fees will be awarded:

> 1. The Court must have rendered a judgment favorable to Plaintiff;
>
> 2. Plaintiff must have been represented by counsel; and
>
> 3. The fee must be reasonable and not in excess of twenty-five (25) percent of the total past-due benefits to which Plaintiff is entitled.

*See id.* The undersigned will address each condition in turn.

### A. Favorable Judgment

In this case, Plaintiff obtained a "sentence four" remand [Docs. 22 & 23], which, for purposes of 42 U.S.C. § 406(b), may be considered a "favorable judgment." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006). Thus, the undersigned finds that the first condition for granting attorney's fees under § 406(b) has been met.

### B. Representation by Counsel

In support of the motion for attorney's fees, Plaintiff's counsel attached a signed agreement between counsel and Plaintiff, which provides for a contingent fee in the amount of twenty-five percent of the past-due benefits received by Plaintiff as payment for counsel's representation. [Doc. 30–2]. Accordingly, the undersigned finds that Plaintiff was represented by counsel for this claim.

### C. Reasonableness of Fee Amount

Counsel for Plaintiff submits that "[g]iven the contingent nature of the representation, the contract between Plaintiff and his attorney, and the absence of any reasons the award would be unjust," the Court should award $5,626.38 in attorney's fees [Doc. 30–1 p. 3]. As noted above,

the Commissioner does not oppose the requested amount but states that the Court must independently determine whether the requested amount is reasonable [Doc. 32 p. 1].

As the Commissioner correctly notes, the Court must still independently determine whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. The Court of Appeals for the Sixth Circuit has held that "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989). The presumption may be overcome by a showing that "1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 419 (6th Cir. 1990) (citing *Rodriquez*, 865 F.2d at 746). If neither circumstance applies, "an agreement for a [twenty-five percent] fee . . . is presumed reasonable." *Id.* at 421.

Plaintiff's counsel has submitted a valid fee agreement in which Plaintiff agreed that counsel would have the right to ask the Court for an award of up to 25% of his past-due benefits [Doc. 30–2 p. 2]. The Commissioner has not alleged, and the Court is not aware of, any improper conduct, delay, or ineffective representation on the part of Plaintiff's counsel. In fact, counsel was able to achieve favorable results as this case was remanded to the Commissioner and an award of benefits was ultimately granted to Plaintiff. Thus, counsel was effective in his representation as he was able to achieve a favorable result.

Turning to whether the requested fee amount would constitute an underserved windfall, the Sixth Circuit Court of Appeals "provides a floor" for determining the reasonableness of requested 406(b) fees. *Hayes*, 923 F.2d at 422. Where the amount requested divided by the number of hours expended is less than twice the standard rate for such work in the relevant market, the requested

5

fee is *per se* reasonable. *Id.* The Sixth Circuit continued,

> If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee. Such arguments may include, without limitation, a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case. Factors such as these should inform the district court's determination of whether the attorney would "enjoy a windfall because of . . . minimal effort expended."

*Id.* (quoting *Rodriquez*, 865 F.2d at 746.).

Plaintiff's counsel has requested a fee in the amount of $5,628.38. When combined with the $6,000 requested by Plaintiff's counsel's administrative co-counsel, the total requested amount equals $11,628.38, which has been withheld by the Commissioner pursuant to their general practice of withholding 25% of past due benefits to pay a representative [Doc. 30–1 p. 2; Doc. 30–3 p. 4]. Plaintiff's counsel has submitted a ledger detailing 28.2 hours of total work on Plaintiff's appeal to this Court [Doc. 30–4], including 6.9 hours of paralegal work and 21.3 hours of attorney work [Docs 30–5 & 30–6]. Plaintiff's counsel submits that "[i]f the paralegal time is billed at $50.00 per hour, the effective hourly attorney rate is $247.95" [Doc. 30–1]. The Court reaches a slightly different effective hourly attorney rate. Assuming the paralegal time is billed at $50.00 per hour for a total of $345, the effective hourly attorney rate for the remaining $5,283.23 would be $248.04. Regardless, the undersigned does not find this to be an undeserved windfall.

The Court is mindful of the nature of contingency fee contracts and the risk absorbed by attorneys in these matters. *See Royzer v. Sec'y of Health & Hum. Servs.*, 900 F.2d 981, 982 (6th Cir. 1990) (in considering contingency agreements, "we cannot ignore the fact that the attorney will not prevail every time . . . . Contingent fees generally overcompensate in some cases and undercompensate in others."). In addition, most, if not all, of the hours worked appear to be

6

appropriately characterized as attorney time as opposed to clerical or paralegal time. *See Hayes*, 923 F.2d at 422 (considering "what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time"). At least one of the issues raised by counsel on appeal—whether the Commissioner's decision was invalid because she was not constitutionally appointed—involved a then-novel and nuanced area of the law, and the approximately twenty hours counsel spent on the appeal falls on the low end of "the normal range of time spent on the mine-run Social Security appeal." *Vandenboom v. Comm'r of Soc. Sec.*, 2022 WL 18587036, at *1 (W.D. Mich. Apr. 27, 2022) (finding "within the Sixth Circuit . . . 20 to 30 hours [i]s the normal range").

Furthermore, as a result of counsel's efforts, Plaintiff is entitled to not only past due benefits but also considerable future benefits. *See* [Doc. 30–3 p. 3 (stating in the Notice of Change in Benefits that Plaintiff "will receive $1,202.00 on or about the third of each month" after February 2022)]; *Hall v. Colvin*, No. 3:11-CV-571-TAV-CCS, 2016 WL 792415, at *2 (E.D. Tenn. Feb. 29, 2016) (looking favorably on fact that plaintiff's counsel "achieved a favorable result for plaintiff in the form of nearly $100,000 in past-due benefits, plus potential future benefits"). There is also no indication counsel was the source of any delay in this case. *See Hall*, 2016 WL 792415, at *2 (finding the requested fee reasonable in part because there was no indication "counsel was the source of any delay"). Finally, other courts both within and outside the District have approved much higher effective hourly rates in contingency fees cases. *See id.* at *3 (collecting cases from other districts both in and outside of the Sixth Circuit that awarded effective hourly rates of $745.86, $944, $982, $830, $891, and $736). For all of these reasons, the undersigned finds the requested attorney's fee award does not constitute a windfall in this case.

7

As a final matter, the undersigned notes that when attorney's fees are awarded under both the EAJA and section 406(b), the attorney is required to refund the smaller of the two fees to the plaintiff. *See Gisbrecht*, 535 U.S. at 796 (quoting Act. of Aug. 5, 1985, Pub. L. No. 99–80 (HR 2378), PL 99–80, § 3, 99 Stat. 186). The Court previously awarded Plaintiff's counsel $4,418.41 in attorney's fees and $24.00 in expenses under the EAJA [Doc. 29].[1] Plaintiff's counsel asserts that "[s]hould the Court award a 406(b) fee in excess of the EAJA award, Plaintiff will be refunded the EAJA Fee of $4,418.41 (the $24.00 in expenses is not refunded to Plaintiff)" [Doc. 30–1 p. 2]. The Commissioner omits any reference to whether the $24.00 in expenses awarded to Plaintiff's counsel under the EAJA should be precluded from the total amount refunded to Plaintiff. "Because Plaintiff's counsel has provided no legal support for [her] contention that [s]he should not have to refund expenses [awarded under the EAJA], the Court finds that [s]he must refund to Plaintiff the entire EAJA award," including the $24.00 in expenses. *Zagado v. Comm'r of Soc. Sec.*, No. 1:20-cv-09449 (SDA), 2023 WL 4054509, at *2 (S.D.N.Y. June 16, 2023) (collecting cases and rejecting a similar argument made by other members of Plaintiff's counsel's firm).

### III.  CONCLUSION

Based upon the foregoing, it is hereby **RECOMMENDED**[2] that Plaintiff's Motion for

---

[1]  An EAJA award to a prevailing Social Security benefits claimant may include both fees and other expenses. 28 U.S.C.§ 2412(d)(1)(A).

[2]  Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide de novo review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Attorney's Fees Pursuant to Social Security Act § 206(b)(1) [**Doc. 30**] be **GRANTED**, that Plaintiff's counsel be awarded $5,626.38 in attorney's fees, and that, upon receipt of these fees, Plaintiff's counsel shall remit to Plaintiff the attorney's fees and expenses previously received from the Commissioner pursuant to the EAJA in the amount of $4,442.41.

          Respectfully submitted,

          Debra C. Poplin
          United States Magistrate Judge